DAVID M. MEEGAN (State Bar No. 114549)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA  95670
Telephone:  (916) 925-1800
Facsimile:  (916) 925-1265

Attorneys for Debtors
GARY and JANET LUIZ

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re: | Case No. 10-26139-A-7 |
| GARY and JANET LUIZ, | DC No. MHK-1 |
| Debtors. | Date: April 26, 2010<br>Time: 9:00 a.m.<br>Dept: A |
| | Hon. Michael S. McManus |

**DEBTORS' VERIFIED MOTION TO COMPEL TRUSTEE TO ABANDON
DEBTORS' RESIDENCE AND ALL OTHER PROPERTY CLAIMED AS EXEMPT**
(Docket Control No. MHK-1)

Debtors, Gary and Janet Luiz ("Debtors"), through their counsel, Meegan, Hanschu & Kassenbrock, represent as follows:

1. This case was filed as a Chapter 7 case on March 12, 2010.

2. The property of the Debtors' bankruptcy estate consists in part of Debtors' residence, which is a single family home located at 1966 Hawk Hill Lane in Lincoln, CA (APN 333-173-007) ("Residence").

////

3. A Comparative Market Analysis ("CMA") of the Residence was recently performed by Louise Kuret of Coldwell Banker. A copy of the CMA is filed herewith as **Exhibit A**. Pursuant to the CMA, the Residence is valued in the low to mid- $400,000's and the suggested selling price range is anywhere from $415,000 to $435,000. The Debtors listed the value for their Residence in their schedules at $435,000. However, for purposes of this motion, a value of $425,000 is assumed.

4. The Residence is encumbered by the following:

| | |
|---|---|
| First deed of trust (GMAC) | $201,818.29 |
| Second deed of trust (Chase) | $186,211.62 |
| Total encumbrances | $388,029.91 |

Copies of the most recent mortgage statements from GMAC and Chase are submitted collectively herewith as **Exhibit B**.

5. After deducting the total encumbrances of $388,029.91 from the $425,000 value, "equity" exists in the amount of $36,970.09. The Debtors have claimed an exemption of $8,632.00 in any equity in their Residence pursuant to Code of Civil Procedure section 703.140(b)(1). After applying that exemption, as well as an estimated 8% of the sales price for related sales commission and costs (i.e., $34,000), no value remains for consideration by the trustee in this bankruptcy case. Thus, Debtors request the Court to compel the trustee to abandon any interest in their Residence. The Debtors want to sell their house and move into a more affordable dwelling.

6. In addition to the Residence, there is certain property which the Debtors claimed as exempt ("Exempt Property"). Submitted herewith as **Exhibit C** is a copy of the Debtors' Schedule C which lists the Exempt Property. The Debtors believe there is no equity in the Exempt Property for the estate.

7. 11 U.S.C. Section 554(b) permits a party in interest to, after notice and hearing, request the Court order the trustee to abandon property of the estate. This is such a motion. Abandonment of the Residence and Exempt Property by the estate to the

Debtors is appropriate because the Residence and Exempt Property are both of inconsequential value and benefit to the estate and burdensome to the estate.

WHEREFORE, the Debtors ask this Court enter its order:

1. Directing the trustee to abandon the Residence and Exempt Property to the Debtors, effective immediately upon entry of such an order; and,

2. For any and all such further relief the Court deems just.

MEEGAN, HANSCHU & KASSENBROCK

DATED: March 26, 2010

DAVID M. MEEGAN, Attorneys for
Debtors Gary and Janet Luiz

## VERIFICATION

I, Gary Luiz, am one of the debtors in the above-entitled action. I have read the above-referenced document and know the contents thereof. I certify that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2010, at Lincoln, California.

_____
GARY LUIZ